# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-5489
Re: Legality of issuance of non-
voting poll tax.

You request the opinion of this department upon the question presented by your letter, and the accompanying letter from the tax collector of your county, both copied below:

"We hand you herewith copy of a communication from P. K. Dickison, Tax Assessor-Collector of Bexar County and in explanation thereof, wish to state as follows:

"This citizen, who has made application for the issuance of a poll tax, was not in Texas from October 1, 1943 until February 1, 1944. Upon his return after February 1, he made application to the Tax Assessor-Collector for the issuance of a poll tax and tendered the amount required by law, which application was refused by the Tax Collector upon the ground that the law did not authorize the issuance of a poll tax after January 31.

"We are unable to cite any authority upon this proposition but refer you to the provisions of Article 2959, as follows:

"'A poll tax shall be collected from every person between the ages of twenty-one and sixty years who resided in this State on the first day of January preceding its levy, Indians not taxed, persons insane, blind, deaf or dumb, and those who have lost a hand or foot, or permanently disabled, excepted. It shall be paid at any

Hon. John R. Shook page 2

time between the first day of October and the first day of February following; and the person when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid.'

"It is to be noted that the provisions of this statute contain the mandatory word, 'shall', with reference to the time of payment of a poll tax.

"We also call attention to the provisions of Article 2963, the last paragraph of which Article is as follows:

"'All tax receipts issued for any year after January 31 shall be stamped on the face thereof: "Holder not entitled to vote," and the names of the holders of such poll tax receipts shall not be included in the list of qualified voters.'

"Section f of Article 2955 referred to in the Tax Collector's letter, I have ascertained, means a reference to a compilation of the Texas Election Laws compiled by James R. Boyd, January 10, 1940 and purporting to contain decisions and Attorney General's opinions.

"It may be therefore that your department has previously ruled that a poll tax must not be paid later than January 31, of each year."

"During the month of March we had a request to issue a non-voting poll tax. I have been unable to find any provision in the law for issuing said non-voting poll tax with the possible exception of Section F Article 2955, which states poll tax must be paid not later than January 31, and if the voter pays poll tax later than January 31, a voting poll tax receipt cannot be issued him, but he is entitled to an ordinary receipt. In my opinion this Article refers to poll taxes paid with Ad Valorem taxes upon which a P.O.D. is issued, this P.O.D. could then be exchanged for a non-voting poll after January 31.

Hon. John R. Shook, page 3

"If you find that non-voting poll tax may be issued under any other circumstances than as outlined above, would this receipt be issued on regular poll tax receipt stamped 'not entitled to vote', or some other form of receipt?"

We believe the question will be simplified if we consider first the payment of the poll tax as a necessary prerequisite for voting as distinguished from its levy, assessment, and collection as purely a revenue measure.

We have repeatedly held, supported by abundant judicial authority, that the payment of a poll tax by those not otherwise specifically exempt by statute between October 1 and February 1, or not later than January 31, is a necessary prerequisite to the right to vote in the elections for the succeeding year. With this out of the way we shall proceed to answer your question with specific reference to the duty of the tax collector to receive and receipt for delinquent poll taxes when tendered by a person between January 31 and October 1, which is in effect the question presented by you.

The poll tax is a head tax levied and collected for revenue purposes. Nowhere does the statute predicate liability for the tax upon the question whether the person against whom it is levied is a qualified voter in this State.

Article 7046, R. C. S., provides in part as follows:

"There shall be levied and collected from every person between the ages of twenty-one and sixty years, resident within this State on the first day of January of each year (Indians not taxed, and persons insane, blind, deaf or dumb, or those who have lost one hand or foot, or are permanently disabled, excepted), an annual poll tax of one dollar and fifty cents, one dollar for the benefit of the free schools, and fifty cents for general revenue purposes. . . ."

It is observed that this statute by force of its own terms levies a poll tax upon every person between the ages of twenty-one and sixty years, resident within this State on the 1st day of January of each year, an annual poll tax of $1.50, except certain persons specifically exempt therefrom not necessary to note further here.

Hon. John R. Shook, page 4

Article 7254, R. C. S., in the following language:

"The tax collector shall be the receiver and collector of all taxes assessed upon the tax list in his county, whether assessed for the State or county, school, poor house or other purposes; and he shall proceed to collect the same according to law, and place the same when collected to the proper fund, and pay the same over to the proper authorities, as hereinafter provided."

imposes upon the tax collector the duty to collect poll taxes, for a poll tax is assessed for the "State, school or other purposes."

Article 7255, R. C. S., provides:

"Each Tax Collector shall begin the collection of taxes annually on the first day of October, or so soon thereafter as he may be able to obtain the proper assessment rolls, books, or data upon which to proceed with the business; . . ."

Article 7336, R. C. S., provides:

"(b) All poll taxes . . . shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts. . . ."

We thus see from the above statutory provisions that a poll tax may be paid any time between October 1 and February 1, and if not paid prior to February 1 becomes delinquent.

Article 7272, R. C. S., provides:

"All real and personal property held or owned by any person in this State shall be liable for all State and County Taxes due by the owner thereof, including tax on real estate, personal property and poll tax; and the Tax Collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding; . . ."

Hon. John R. Shook, page 5

Article 7260 provides in part:

"At the end of each month the Tax Collector shall, on forms to be furnished by the Comptroller, make an itemized report under oath to the Comptroller, showing each and every item of ad valorem, poll and occupation taxes collected by him during said month, accompanied by a summarized statement showing full disposition of all State taxes collected, provided that said itemized reports for the months of December and January of each year may not be made for twenty-five (25) days after the end of such months if same cannot be completed by the end of such respective months."

At the risk of being tedious we have pointed out these pertinent provisions of the statute, fragmentary though they be, for the purpose of showing that it was not the intent of the Legislature to render static the collection of poll taxes for the period of time from February 1, when they become delinquent, to October 1, when collection begins, as would be the case if we adopt the theory that the Tax Collector is not authorized to receive and receipt for poll taxes paid from February 1 to October 1. To do this would be to render for the most part meaningless and ineffective the reference to poll taxes in the foregoing articles, supra.

We conclude, therefore, that the Tax Collector is not only authorized, but that it is his duty, to collect a poll tax from every person between the ages of twenty-one and sixty years, not otherwise specifically exempt under the statute, residents of his county on the 1st day of January preceding the due date of October 1, whether paid before February 1, the date they become delinquent, or thereafter, and when paid to issue a receipt therefor.

The form of poll tax receipt to be issued by the Tax Collector is now prescribed by Article 2966, R. C. S., and there are only two modifications of this form, one is contained in this article, to the effect that if the information disclosed in the receipt prescribed shows that the party receiving the same is an alien, he shall receive a receipt from a book of certificates prepared for alien taxpayers.

Hon. John R. Shook, page 6

The reason for this is obvious, for an alien is not qualified to vote in the elections of this State, hence this precautionary provision in the statute for preserving the purity of the ballot. The other change referred to above is the last paragraph of Article 2963, reading as follows:

"All tax receipts issued for any year after January 31st shall be stamped on the face thereof: 'Holder not entitled to vote,' and the names of the holders of such poll tax receipts shall not be included in the list of qualified voters."

This is the one in which you will be more directly interested, as it bears upon your question, and our investigation of the legislative history of this provision, which was added as an amendment to Article 2963, leads us to believe that it is not susceptible of the limited construction given to it by your Tax Collector. It should be applied as the language of the statute expresses it, to "all tax receipts issued for any year after January 31," and when thus issued the Tax Collector shall stamp on the face thereof "Holder not entitled to vote." (All emphases ours)

Therefore, if the delinquent poll tax payer, was a resident of Bexar County on January 1, 1943, and he now offers to pay his poll tax, the Tax Collector should receive it and issue to him a poll tax receipt for 1943 in the usual form, and stamp upon it "Holder not entitled to vote."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:AEM


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN